No. 25-1978

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOSE DANIEL CONTRERAS-CERVANTES; FREDY DE LOS ANGELES-FLORES; MARIELA VIRGINIA OCANDO-LEON; LUIS FELIPE JARQUIN-JARQUIN; DEBBIE VASQUEZ-CRUZ; JAIRO MANUEL GODOY-PEREZ; MARIFER DIAZ-ALCANTAR; MIGUEL ANGEL REYES-SANCHEZ,

*Petitioners-Appellees*,

v.

KEVIN RAYCRAFT, Immigration and Customs Enforcement,
Acting Director of Detroit Field Office,
Enforcement and Removal Operations,

*Respondent-Appellant.*

On Appeal from the United States District Court
for the Eastern District of Michigan
No. 2:25-cv-13073 (McMillion, J.)

**APPELLANT'S REPLY BRIEF**

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney
General

DREW C. ENSIGN
Deputy Assistant Attorney General

BENJAMIN HAYES
Senior Counsel to the Assistant
Attorney General

JONATHAN ROBBINS
Assistant Director

CHRISTOPHER W. DEXTRE
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin
Station
Washington, DC 20044
Tel: (202) 598-3909

*Counsel for Respondent-Appellant*

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

ARGUMENT .................................................................................................................. 3

I.     Section 1225(b)(2) mandates detention of aliens, like Petitioners, who are present in the United States without having been admitted. ........................................................... 3

II.    Petitioner's Due Process Claim is Meritless. ................................................. 5

CONCLUSION ............................................................................................................... 6

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Doc. 12, Respondent-Appellant joins in the Reply Brief filed by the Respondents in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopts all arguments made there by reference. For authorities cited in the arguments adopted by reference from *Lopez-Campos*, Respondent-Appellant refers to the Table of Authorities in the Respondents' Reply Brief in *Lopez-Campos*.

## Cases

*DHS v. Thuraissigiam*,
    591 U.S. 103 (2020) ................................................................................. 3

*Landon v. Plasencia*,
    459 U.S. 21 (1982) ................................................................................... 3

*RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,
    566 U.S. 639 (2012) ................................................................................. 2

*Winter v. NRDC*,
    555 U.S. 7 (2008) ..................................................................................... 2

*Yates v. United States*,
    574 U.S. 528 (2015) ................................................................................. 2

## Statutes

### Immigration and Nationality Act of 1952, as amended:

Section 208,
    8 U.S.C. § 1158 ....................................................................................... 4

Case: 25-1978    Document: 29    Filed: 01/15/2026    Page: 4

Section 209(b),
  8 U.S.C. § 1159(b) .................................................................................. 4

Section 235,
  8 U.S.C. §1225 ....................................................................................... 2

Section 235(a)(3),
  8 U.S.C. §1225(a)(3) ...............................................................................1

Section 235(b)(2),
  8 U.S.C. §1225(b)(2) .............................................................................. 3

Section 235(b)(2)(A),
  8 U.S.C. §1225(b)(2)(A) ..................................................................... 1, 3

Section 236,
  8 U.S.C. §1226 ...................................................................................... 2

Section 240A,
  8 U.S.C. § 1229b .................................................................................... 4

Section 240A(b)),
  8 U.S.C. § 1229b(b) ............................................................................... 4

Section 245,
  8 U.S.C. §1255 ....................................................................................... 4

Section 241(b)(3),
  8 U.S.C. § 1231(b)(3) ............................................................................. 4

Section 275,
  8 U.S.C. §1325 ....................................................................................... 2

## Federal Rules

Fed. R. App. P. 28(i) ........................................................................... iii, 3, 5

**INTRODUCTION**

The Immigration and Nationality Act requires the Executive to detain any "applicant for admission" who cannot show he is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. §1225(b)(2)(A). There is no dispute that Petitioner is an "applicant for admission" and has not shown he is "clearly and beyond a doubt" admissible. The statutory text thus plainly resolves this case and requires reversal.

Petitioner's primary contention is that the phrase "seeking admission" must be read in a colloquial way to only encompass aliens who arrive at a port of entry and voluntarily subject themselves to inspection to obtain admission to the United States. That reading defies the statute's clear language. Most notably, Petitioner disregards the import of §1225(a)(3), which makes crystal clear that *all* "applicants for admission" are necessarily "seeking admission" by operation of law under the defined terms adopted by Congress. Ignoring the words Congress actually used, Petitioner urges an agrammatical reading that is at war with numerous other cases interpreting similar language, not to mention the English language.

His reading of "seeking admission" also is internally incoherent—asking the Court to read "seeking" without reference to the defined term

1

("admission") *or* the term of art ("applicant for admission") to which it relates. That defies the basic command that a statute's language must be discerned based on "the specific context in which the language is used." *Yates v. United States*, 574 U.S. 528, 537 (2015). Ultimately, Petitioner's interpretation would require disparate treatment Congress never could have intended—favoring aliens who *intentionally* evade inspection and enter the country *in violation of law* by affording them bond hearings, while mandating detention of those who present at a port of entry *in compliance with law*. In Petitioner's view, "no good deed goes unpunished." *Winter v. NRDC*, 555 U.S. 7, 31 (2008). Those that actually commit the crime of illegal entry (8 U.S.C. §1325) are rewarded with access to bond hearings to which their law-abiding counterparts are denied. That is the exact perverse regime Congress sought to abolish through §1225.

Despite §1225's clear text, Petitioner asks the Court to ignore it based on the separate detention authorities in §1226. His arguments based on §1226 rely on inference, conflicting legislative history, and inconsistent Executive interpretations—nothing remotely sufficient to displace the clear terms of §1225's plain text. Here, §1225 is directly on point and it is axiomatic that "the specific controls the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012).

Alternatively, Petitioner argues that mandatory detention under §1225 violates due process. The district court never addressed a freestanding due process claim, and this Court should not do so first. In any event, Petitioner's attempt to pilfer additional due process rights through his illegal physical entry fails. Under longstanding precedent, aliens who have never "been admitted into the country pursuant to law" are due only the process given by Congress in statute. *DHS v. Thuraissigiam*, 591 U.S. 103, 138-39 (2020). Only "*once an alien gains admission* to our country … [does] his constitutional status change[]." *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) (emphasis added). Because Congress did not provide "applicants for admission" like Petitioner the right to a bond hearing, the due process clause does not either.

## ARGUMENT

**I.    Section 1225(b)(2) mandates detention of aliens, like Petitioners, who are present in the United States without having been admitted.**

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Order Denying Motion to Hold Appeal in Abeyance ("Abeyance Order"), Doc. 12, Respondent-Appellant joins in the Reply Brief filed by the Respondents in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopts all arguments made there by reference.

3

In addition, Respondents note that if Petitioners' theory of the phrase "seeking admission" in 8 U.S.C. §1225(b)(2)(A) were correct, then they plainly are "seeking admission" under that interpretation. In particular, two of the Petitioners[1] have filed an EOIR-42B Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents under 8 U.S.C. § 1229b(b), three others[2] have filed a Form I-589 Application for Asylum and Withholding of Removal under 8 U.S.C. §§ 1158 and 1231(b)(3), and one[3] has a spouse who has filed a Form I-130 Petition for Alien Relative on his behalf. Deportation Officer Declarations ("DO Decls."), RE 9-1–9-9, PageID #158, 163, 168, 172, 178, 191. Notably, successful 42B applications lead to literal "admission" to the United States. 8 U.S.C. §1229b ("The Attorney General may cancel removal of, and adjust to the status of an alien lawfully *admitted* for permanent residence, an alien . . .") (emphasis added).[4] Therefore, Petitioners are "seeking admission" even if some

---

[1] Namely, Contreras-Cervantes and De Los Angeles-Flores.
[2] Namely, Ocando-Leon, Jarquin-Jarquin, and Vasquez-Cruz.
[3] Namely, Reyes-Sanchez.
[4] Further, while a grant of asylum is not itself an admission, an alien granted asylee status may later apply for adjustment and thus be admitted. 8 U.S.C. § 1159(b). Likewise, those with an approved Form I-130 may afterward apply to register permanent residence through a Form I-485 under 8 U.S.C. §1255.

"active[]" steps were needed.  Order Granting Habeas ("Habeas Order"), RE 14, PageID #256.

## II. Petitioner's Due Process Claim is Meritless.

Pursuant to Fed. R. App. P. 28(i) and this Court's November 25, 2025, Abeyance Order, Doc. 12, Respondent-Appellant joins in the Reply Brief filed by the Respondents in *Lopez-Campos v. Raycraft* (6th Cir. No. 25-1965) and adopts all arguments made there by reference.

## CONCLUSION

The Court should reverse the district court's order granting the writ of habeas corpus.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

YAAKOV M. ROTH
  *Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
  *Deputy Assistant Attorney General*

BENJAMIN HAYES
  *Senior Counsel to the Assistant Attorney General*

JONATHAN ROBBINS
Assistant Director

*s/ Christopher William Dextre*
CHRISTOPHER W. DEXTRE
Trial Attorney
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
TEL: (202) 598-3909

*Counsel for Respondent-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on January 15, 2026.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Christopher William Dextre*
CHRISTOPHER W. DEXTRE

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 1,049 words, excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f).  I further certify that this brief complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared in proportionally spaced 14-point Georgia type.

 *s/ Christopher William Dextre*
CHRISTOPHER W. DEXTRE

# ADDENDUM

## APPELLANT'S DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to 6th Cir. Rule 30(g), Respondent-Appellant designates the following relevant district court documents:

## DISTRICT COURT DOCUMENTS

| Record Entry | Description | Page ID Number Range |
|---|---|---|
| 1 | Petition for Writ of Habeas Corpus (September 29, 2025) | 1-41 |
| 2 | Petitioners' Brief in support of Petition for Writ of Habeas Corpus (September 29, 2025) | 56-88 |
| 9 | Response to Petition for a Writ of Habeas Corpus (October 3, 2025) | 115-153 |
| 9-1 – 9-9 | Deportation Officer Declarations (October 3, 2025) | 154-192 |
| 9-10 | Form EOIR-42B – App. For Cancellation of Removal and Adjustment of Status (October 3, 2025) | 193-205 |
| 9-11 | BIA Decision (October 3, 2025) | 206-208 |
| 13 | Petitioners' Reply Brief in support of Petition for Writ of Habeas Corpus (October 8, 2025) | 218-233 |

| 13-1 | Updated List of Cases Applying § 1226(a) Under Similar Circumstances (October 8, 2025) | 234-237 |
| --- | --- | --- |
| 14 | Order Granting Habeas (October 17, 2025) | 238-264 |
| 15 | Status Report (October 24, 2025) | 265-267 |
| 16 | Notice of Appeal (October 24, 2025) | 268-269 |
| 18 | Supplemental Status Report (October 27, 2025) | 271-273 |